7969-0048/dmf

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ARLINE BROWN, as Administratrix of Estate of KEVIN
BROWN, Deceased,

                              Plaintiff,

-against-

CITY OF NEWBURGH, THE CITY OF NEWBURGH
POLICE DEPARTMENT, ERIC PAOLILLI, Individually and
in his official capacity as the Chief of Police and a police
officer employed by the City of Newburgh Police Department
by the City of Newburgh, ERIK ELTZ, Individually and in his
official capacity as a police officer employed in the City of
Newburgh Police Department by the City of Newburgh,
FRANK LABRADA, Individually and in his official capacity
as a police officer employed in the city of Newburgh Police
Department by the City of Newburgh, DONALD CAMPBELL,
Individually and in his official capacity as a police officer
employed in the City of Newburgh Police Department by the
City of Newburgh, WILLIAM ROSE, Individually and in his
official capacity as a police officer employed in the City of
Newburgh Police Department by the City of Newburgh, and
PAUL WEBER, Individually and in his official capacity as a
police officer employed in the City of Newburgh Police
Department by the City of Newburgh,

                              Defendants.

------------------------------------------------------------------------x

**ANSWER**

08 CIV 5088 (KMK)

      The defendants, City of Newburgh, The City of Newburgh Police Department, Eric Paolilli, Frank LaBrada, Donald Campbell, William Rose and Paul Weber, by their attorneys, McCabe & Mack LLP, as and for their answer to plaintiff's complaint, respectfully show to the court and allege as follows.

**JURISDICTION AND VENUE**

      1.      With regard to paragraphs numbered "1", "2" and "3" of the complaint, neither

7969-0048/dmf

admit nor deny as state conclusions of law.

    2.    With regard to paragraph numbered "4" of the complaint, admit only that the individual defendants were acting within the scope of the responsibilities as Newburgh police officers.

## PARTIES

    3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "8" and "9" of the complaint.

    4.    With regard to paragraphs numbered "15", "16" and "17" of the complaint, neither admit nor deny and refer the Court to the Charter for its content and import.

## FACTUAL ALLEGATIONS

    5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "23", "24", "25", "26", "27", "34", "35", "36", "51", "52", "58", "59", "61", "62", "63", "64", "68", "80", "90", "91", "97", "99", "108", "109", "110", "111" and "115" of the complaint.

    6.    Deny those allegations contained in paragraphs numbered "38", "39", "41", "42", "44", "45", "50", "54", "55", "65", "66", "67", "69", "70", "71", "72", "116", "118", "124", "125", "126", "132", "133", "134" and "135" of the complaint.

    7.    With regard to paragraphs numbered "49", "74", "75", "76", "112", "113", "114", "128" and "129" of the complaint, neither admit nor deny and refer the Court to the document for its content and import.

    8.    With regard to paragraph numbered "60" of the complaint, admit only that Kevin Brown was transferred to the Orange County Jail and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

    9.    With regard to paragraph numbered "77", "78" and "79" of the complaint,

7969-0048/dmf

admit only that each shift has Watch Commanders and neither admit nor deny the remaining allegations as state conclusions of law.

10. With regard to paragraphs numbered "83", "84","85", "117", "119", "120", "121" and "122" of the complaint, neither admit nor deny as states conclusions of law.

11. With regard to paragraph numbered "89" of the complaint, admit only the allegations with regard to the prisoner card.

12. With regard to paragraph numbered "130" of the complaint, admit only that a 50-h hearing was held.

13. With regard to paragraph numbered "131" of the complaint, admit only that the claim has settled.

## AS TO THE SECOND CLAIM

14. Repeat, reiterate and reallege each and every denial to each and every allegation contained in paragraphs numbered "1" through "134" and incorporated by reference in paragraph "136" of the complaint as if the same were more fully set forth herein at length.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "137" and "138" of the complaint.

16. Deny those allegations contained in paragraphs numbered "139", "140", "141" and "142" of the complaint.

## AS TO THE THIRD CLAIM

17. Repeat, reiterate and reallege each and every denial to each and every allegation contained in paragraphs numbered "1" through "134" and paragraphs numbered "137" through "141" and incorporated by reference in paragraph "143" of the complaint as if the same were more fully set forth herein at length.

18. Deny those allegations contained in paragraphs numbered "144", "145", "146",

7969-0048/dmf

"147", "148", "149", "150", "151", "152", "153", "154", "155", "156", "157", "158", "159", "160", "161", "162", "163", "164" and "165" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. These answering individual defendants acted in good faith and are entitled to qualified immunity.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. The complaint fails to state a claim under the Eighth Amendment.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. The complaint fails to state a claim under the Fourteenth Amendment against these answering defendants.

WHEREFORE, the defendants demand judgment dismissing the complaint of the plaintiff herein, plus the costs and disbursements of this action and for such other and further relief as to the Court may seem just and proper.

DATED:   Poughkeepsie, New York
         September 2, 2008

Yours, etc.

McCABE & MACK LLP

By: [signature]
David L. Posner (0310)
*Attorneys for Defendants City of Newburgh, The City of Newburgh Police Department, Eric Paolilli, Frank LaBrada, Donald Campbell, William Rose and Paul Weber*
63 Washington Street
P.O. Box 509
Poughkeepsie, NY 12602-0509
Tel: (845) 486-6800

7969-0048/dmf

TO:    LARKIN, AXELROD, INGRASSIA & TETENBAUM, LLP
*Attorneys for Plaintiff*
34 Route 17K
Newburgh, NY 12550

JAMES FEDORCHAK, ESQ.
GELLERT & KLEIN, P.C.
*Attorneys for Defendant Eltz*
75 Washington Street
Poughkeepsie, NY 12601